## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Madeleine Malo,
      Plaintiff

v.

Will County;
Will County Animal Control;
Sergent Michael Corsi,
James Burket
Will County Sheriff Offices,
      Defendants.

1:26-cv-01469
Judge LaShonda A. Hunt
Magistrate Judge Keri L. Holleb Hotaling
RANDOM CAT 2

 ₩ **RECEIVED**

ℓℓ/ FEB 09 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

Plaintiff, Madeleine Malo, for her Complaint against Defendants, states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Will County, Illinois.

## II. PARTIES

4. Plaintiff Madeleine Malo is a resident of Will County, Illinois, and the lawful occupant of the home located at 335 Richmond Drive, in Romeoville.

5. Defendant Will County, is a unit of local government in the State of Illinois and is responsible for the policies, practices, supervision, and training of the Will County Sheriff's Office.

6. Defendant Sergeant Michael Corsi a sworn Supervisor of the Will County Sheriff's Office, participated in the events described in this Complaint. Although this deputy was also named in a prior case filed by Edwin Enrique Malo Flores, Plaintiff was not a party to that case, and the claims asserted here arise from Plaintiff's own injuries and have never been adjudicated

7. James Burket was at all relevant times a deputy with the Will County Sheriff's Office and participated in the events described.

8. Defendant Will County Animal Control is a county agency responsible for animal enforcement and seizures.

9. Defendant Will County Sheriff's Office is a law enforcement agency operating within Will County and is responsible for the conduct of its deputies.

## III. FACTUAL ALLEGATIONS

9. On or about July 22, 2024, deputies from the Will County Sheriff's Office arrived at Plaintiff's home and stated they were there to conduct an eviction.

10. Plaintiff requested to see a court order, eviction order, or warrant authorizing their actions.

11. Defendants stated they "did not have to" provide any documentation.

12. Defendants did not present any judge-signed eviction order, writ of possession, warrant, or court-sealed document.

13. No lawful eviction order existed, and Defendants had no legal authority to enter Plaintiff's home or remove her from the property.

14. Plaintiff did not consent to entry. One deputy stated, "we can not force our way into the property and refused to enter. He later called his Sergeant, Corsi, to the scene.

15. At the time of Corsi's arrival and forced entry, Plaintiff's minor children were inside the home with her.

16. Despite lacking a warrant, court order, or consent, Defendants forcibly unlocked the screen door and pushed the door open, physically pushing Plaintiff aside and entering the home with a minimum of 9 sheriffs.

17.     Defendants ordered Plaintiff's minor children out of the residence without any lawful authority, causing them fear, confusion, and emotional distress. James Burket physically and forcibly pushed Plaintiff out of the home.

18.     Defendants' entry was non-consensual, warrantless, and without exigent circumstances, in violation of Plaintiff's clearly established Fourth Amendment rights.

19.     Once inside, Defendants spread throughout Plaintiff's home, taking control of the premises and preventing Plaintiff from freely moving about her own residence.

20.     During the forced entry and occupation of the home, Defendants damaged Plaintiff's personal property including animal cages and furniture, without justification.

21.     Defendants then seized Plaintiff's animals, including three (3) dogs, (3) cats, and (4) baby kittens, without a warrant, without notice, and without providing Plaintiff any opportunity to contest the seizure.

22.     Plaintiff was not provided any citation, written notice, hearing, or due process before or after the seizure of her animals.

23.     After removing Plaintiff and her minor children from the home, Defendants boarded up the residence, preventing Plaintiff from re-entering her own property.

a. As a result of Defendants' actions, Plaintiff and her minor children were left homeless and without access to their residence. Plaintiff was forced to secure temporary lodging in a hotel for several months, incurring significant financial costs and experiencing ongoing instability, fear, and emotional distress."

b. The forced displacement of Plaintiff and her children caused severe disruption to their daily lives, including loss of routine, loss of personal belongings, and prolonged emotional trauma

24.     Plaintiff was given no legal explanation, no documentation, and no lawful basis for the forced removal, property damage, seizure of animals, or boarding-up of her home.

25.     Plaintiff suffered significant emotional distress, fear, trauma, loss of property, and the loss of her animals as a direct result of Defendants' actions.

26.     Plaintiff's constitutional injuries are her own, separate and distinct from any injuries alleged by Edwin Enrique Malo Flores.

27.     Plaintiff was not a party to the prior case Flores v. Corsi, 24-cv-11133, and has never had her claims heard or adjudicated by any court.

28.     Plaintiff brings this action independently to vindicate her own Fourth and Fourteenth Amendment rights, which have never been litigated or resolved.

29. Plaintiff did not pose a threat, did not resist, and did not interfere with the deputies' actions. Plaintiff continued to request grounds for the actions taken.

30. Defendants conduct exceeded the scope of any eviction order and was carried out without lawful authority, proper supervision or adequate training.

## IV. CLAIMS FOR RELIEF

COUNT I — Fourth Amendment Unlawful Entry (42 U.S.C. § 1983)

Against Deputy Defendants

31.     Plaintiff realleges paragraphs 1–30.

32.     Defendants entered Plaintiff's home without a warrant, without consent, and without exigent circumstances.

33.     Defendants had no lawful eviction order or judicial authorization.

34.     Defendants' forced entry violated Plaintiff's clearly established Fourth Amendment rights.

35.     Plaintiff suffered homelessness, emotional distress, trauma, and property damage as a result.

## COUNT II — Fourth Amendment Unlawful Seizure of Property (42 U.S.C. § 1983)

Against Deputy Defendants and Animal Control

36.     Plaintiff realleges paragraphs 1–35.

37.     Defendants seized Plaintiff's animals without a warrant or lawful authority.

38.     Defendants seized control of Plaintiff's home and removed her and her children without legal justification.

39.     These actions constitute unreasonable seizures under the Fourth Amendment.

40.     Plaintiff suffered loss of property, loss of animals, and emotional harm.

COUNT III — Fourteenth Amendment Procedural Due Process Violation (42 U.S.C. § 1983)

Against All Defendants

41.     Plaintiff realleges paragraphs 1–40.

42.     Defendants removed Plaintiff and her minor children from their home without notice, a hearing, or any lawful process.

43.     Defendants seized Plaintiff's animals without providing any opportunity to contest the seizure.

44.     Defendants boarded up Plaintiff's home without any court order or due process.

45.     These actions deprived Plaintiff of property and liberty interests protected by the Fourteenth Amendment.


## COUNT IV — Unlawful Eviction Without Court Order (42 U.S.C. § 1983)

Against Deputy Defendants

46.     Plaintiff realleges paragraphs 1–45.

47.     Illinois law requires a judge-signed eviction order, seal of the clerk, and supported affidavit or writ of possession before a sheriff may remove an occupant.

48.     Defendants had no such order.

49.     Defendants nevertheless removed Plaintiff and her minor children, seized her property, and boarded up her home.

50.     Conducting an eviction without a valid court order violates the Fourth and Fourteenth Amendments.


## COUNT V — Monell Liability (Failure to Train/Supervise)

Against Will County Sheriff's Office

51.     Plaintiff realleges paragraphs 1–50.

52.     The Sheriff's Office maintained policies, customs, or practices that allowed deputies to conduct evictions without court orders, enter homes without warrants, and seize property without due process.

53. The Sheriff's Office failed to properly train or supervise deputies regarding lawful eviction procedures and constitutional requirements. .

54. These failures were the moving force behind the violations of Plaintiff's rights.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor and against all Defendants

B. Award compensatory damages

C. Award punitive damages against the individual Deputy Defendants

D. Issue declaratory relief stating that Defendants' conduct was unconstitutional

E. Issue injunctive relief if necessary

F. Award costs of suit

G. Grant any additional relief the Court deems just and proper

"Plaintiff seeks compensatory and punitive damages in an amount exceeding $2,000,000, including damages for prolonged homelessness, emotional distress, trauma to her minor children, loss of property, and financial losses resulting from Defendants' unlawful conduct.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Madeleine Malo

c/o 429 North Weber Road Suite b

815-210-6939

Madeleinemalo930@gmail.com

Plaintiff, Pro Se